UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CELTIC MARINE CORPORATION                    CIVIL ACTION

VERSUS                                       NO: 18-8370

BASIN COMMERCE, INC.                         SECTION: "J"(4)

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) or Forum Non Conveniens* **(Rec. Doc. 6)** filed by Defendant, Basin Commerce, Inc. Plaintiff, Celtic Marine Corporation, opposes the motion (Rec. Doc. 8). Defendant filed a reply (Rec. Doc. 12), and Plaintiff filed a sur-reply (Rec. Doc. 18). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL HISTORY

This litigation arises out of negotiations and agreements for barges and barge transportation services to be provided by Plaintiff, a Louisiana corporation, to ship distillers dry grain for Defendant, a foreign corporation incorporated under the laws of Minnesota. Beginning on April 26, 2018 following the completion of barge transportation services pursuant to Contract #0417, representatives of Plaintiff and Defendant began discussing two additional barges to transport grain from Minnesota to Louisiana. The record reflects that the negotiations took place via text message and e-mail. After confirming the booking of the two barges through text message,

1

Plaintiff's representative signed a contract entitled "2018 Spot Service Agreement—Contract #0422" on behalf of Plaintiff and sent the contract to Defendant. Like Contract #0417, Contract #0422 includes a provision concerning the applicable law (general maritime law or, if unenforceable, Louisiana law) and a forum selection clause providing that the federal courts of Louisiana have exclusive jurisdiction over any disputes arising under, in connection with, or incident to the agreement. Both contracts also stipulate that the failure to immediately object to the contract "is acknowledgment of the acceptance of the terms and conditions contained [therein]." The record reflects that Defendant did not sign or expressly object to Contract #0417 or Contract #0422.

Pursuant to its obligations under Contract #0422, Plaintiff subsequently made arrangements with vendors to provide services related to cargo. Despite the parties' agreement regarding timing, the two barges had not been loaded by mid-May 2018. Representatives of the parties discussed cancellation, but Defendant rejected this option due to the associated cancellation fees. Instead, the parties agreed that one barge would be taken off placement and rolled over to June and the other would remain on placement. Plaintiff then sent Defendant an amendment to Contract #0422 on May 18, 2018, confirming this agreement. The amendment provided that all other terms and conditions of the agreement remain as originally agreed upon, and it included language indicating that "[t]he confirmation without immediate notice … is acknowledgment of the acceptance of the conditions of the confirmation." Defendant did not inform Plaintiff of any objection to the amendment.

When neither barge had been loaded by the end of June 2018, Plaintiff requested payment from Defendant in the amount of $45,800.00 in demurrage and cancellation fees. On August 29, 2018, Plaintiff informed Defendant that it would file suit if the matter was not resolved by noon on September 4, 2018. Defendant failed to respond and instead filed a declaratory action in the United States District Court for the District of Minnesota. The same day, Plaintiff filed the instant litigation in this Court for breach of contract and detrimental reliance.

## LEGAL STANDARD

Rule 12(b)(2) of the Federal Rules of Civil Procedure permits dismissal of a suit for lack of personal jurisdiction. Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. *Luv N'Care, Ltd. v. Insta-Mix, Inc.,* 438 F.3d 465, 469 (5th Cir. 2006). However, the plaintiff is not required to establish jurisdiction by a preponderance of the evidence; a prima facie showing is sufficient. *Id*. The court must accept the plaintiff's uncontroverted allegations and resolve all conflicts between the facts contained in the parties' affidavits and other documentation in favor of jurisdiction. *Id*.

A federal court sitting in diversity must satisfy two requirements to exercise personal jurisdiction over a nonresident defendant. *Pervasive Software Inc. v. Lexware GmbH & Co. Kg*, 688 F.3d 214, 220 (5th Cir. 2012). First, the forum state's long-arm statute must confer personal jurisdiction. Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the

Fourteenth Amendment. *Id.* (citing *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999)). The limits of the Louisiana long-arm statute are coextensive with constitutional due process limits. *Jackson v. Tanfoglio Giuseppe, SRL*, 615 F.3d 579, 584 (5th Cir. 2010) (citing *Walk Haydel & Assocs. v. Coastal Power Prod. Co.*, 517 F.3d 235, 242-43 (5th Cir. 2008)). Accordingly, the inquiry is whether jurisdiction comports with federal constitutional guarantees. *Id.*

The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction in personam of a non-resident defendant unless the defendant has certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted). Sufficient minimum contacts will give rise to either specific or general jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

Specific jurisdiction is limited to adjudication of "issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* In order to establish specific jurisdiction, a plaintiff must show that "(1) there are sufficient (i.e., not 'random fortuitous or attenuated') pre-litigation connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and (3) the plaintiff's cause of action arises out of or is related to the defendant's forum contacts." *Pervasive Software*, 688 F.3d at 221; accord *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985). The defendant

can then defeat the exercise of specific jurisdiction by showing that it would be unreasonable. *Burger King*, 471 U.S. at 476-77; *Pervasive Software*, 688 F.3d at 221-22.

General jurisdiction, however, does not require a showing of contacts out of which the cause of action arose. *Goodyear*, 131 S. Ct. at 2851. A court may assert general jurisdiction over foreign defendants "to hear any and all claims against them." *Id*. The proper consideration when determining whether general jurisdiction exists is whether the defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (alteration in original) (quoting *Goodyear*, 131 S. Ct. at 2851).

## PARTIES' ARGUMENTS AND DISCUSSION

### I.  Personal Jurisdiction

As mentioned above, Plaintiff bears the burden of making a prima facie showing that personal jurisdiction is proper. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014). Because this Court did not hold an evidentiary hearing, Plaintiff is required to present only a prima facie case of personal jurisdiction. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists." *Id*. (quoting

5

*Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)). However, the court "will not 'credit conclusory allegations, even if uncontroverted.'" *Sealed Appellant 1 v. Sealed Appellee 1*, No. 14-20204, 2015 WL 4880162, at \*3 (5th Cir. Aug. 17, 2015) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001)). Therefore, if a defendant submits affidavit evidence directly contradicting the plaintiff's jurisdictional allegations, the court "must determine whether the plaintiff[ ] ha[s] established a prima facie case of personal jurisdiction through nonconclusory allegations supported by admissible evidence." *Id.*

The Court must first determine whether the forum selection clause in the instant litigation is enforceable. Generally, forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1 (1972). "Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state." *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997), cert. denied, 523 U.S. 1072 (1998).

In the instant case, the agreement at issue—Contract #0422—includes a forum selection clause. This is presumptively valid. Moreover, the clause is mandatory

because it provides that the federal courts of Louisiana have *exclusive* jurisdiction over any claims and disputes arising under, in connection with, or incident to the contract. Given that Plaintiff's claims arise out of the agreement with Defendant, the forum selection clause applies to the instant litigation. Because a presumptively valid forum selection clause exists, Defendant bears the burden of proving that the clause is unenforceable. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 582 (2013). Defendant attempts to do so by arguing that Contract #0422 is unenforceable because Defendant did not sign the contract and there was, therefore, no acceptance of Plaintiff's proposed contractual terms, including the forum selection clause at issue. (*See* Rec. Doc. 6-1 at 4). Acknowledging that it is possible to be bound by an unsigned contract, Defendant asserts that "[t]here is nothing in the emails and there is no conduct [Plaintiff] can or does point to indicating [Defendant] showed an intent to be bound by the contractual terms proposed by [Plaintiff]." (Rec. Doc. 6-1 at 5, 6).

In opposition, Plaintiff argues that this Court may exercise personal jurisdiction over Defendant because Defendant specifically agreed to waive objections to personal jurisdiction of Louisiana federal courts and litigate all disputes arising out of Contract #0422 in federal court in Louisiana. (Rec. Doc. 8 at 8). In response to Defendant's argument that it never accepted Contract #0422, Plaintiff contends that formation of a maritime contract like the one at issue is not subject to formalities; all that is required is an offer, acceptance, and a meeting of the minds as to material terms. (Rec. Doc. 8 at 9). Plaintiff notes that it is well-established that oral contracts

7

are binding on the parties. (Rec. Doc. 8 at 9). Plaintiff argues that the text messages and phone conversations between representatives for Plaintiff and Defendant created a contract between the parties. (Rec. Doc. 8 at 9). Specifically, Defendant agreed to book two barges and agreed to the prices on April 26, 2018 and April 27, 2018, respectively. (Rec. Doc. 8 at 9). Through phone conversations and text messages exchanged on May 1, 2018, Plaintiff's representative confirmed that Defendant had booked the barges. (Rec. Doc. 8 at 9-10). Accordingly, Plaintiff concludes that a contract was formed because there was offer, acceptance, and a meeting of the minds as to the number of barges booked, the weeks the barges would be loaded, and the price. (Rec. Doc. 8 at 10). Plaintiff emphasizes that Contract #0422 embodied and formalized the full terms and conditions of the parties' agreement, but as is customary in the industry, a signature from a representative of Defendant was not required. (Rec. Doc. 8 at 10). Plaintiff argues that under *One Beacon Ins. Co. v. Crowley Marine Services, Inc.*, 648 F.3d 258, 269 (5th Cir. 2011), the contract was enforceable in the absence of both parties' signatures because Defendant had reasonable notice of the terms at issue given their inclusion in Contract #0417 and manifested assent to those terms by failing to object to any provisions in the contract and continuing to communicate with Plaintiff about the barges. (Rec. Doc. 8 at 10). The Court agrees.

Plaintiff has produced sufficient evidence to demonstrate the existence of a binding contract between the parties and has made a prima facie showing that personal jurisdiction is, therefore, proper. The Court rejects Defendant's argument

8

that its failure to object to the terms of Contract #0422 as specified does not constitute assent because the parties did not have a course of dealing, as there was no prior contract between the parties. (Rec. Doc. 12 at 2). The record directly contradicts Defendant's assertion, reflecting that the parties had previously entered Contract #0417 which included provisions identical to the ones at issue mere weeks before initiating negotiations concerning the instant contract. Neither contract was signed by Defendant, and Defendant voiced no objections to either contract. Additionally, the Court notes that when faced with the prospect of cancelling the barges in mid-May 2018, Defendant did not assert that there was no enforceable contract between the parties. Instead, the record reflects that Defendant rejected cancellation due to the associated fees. This further demonstrates Defendant's assent. Because the forum selection clause is presumptively valid, the Court finds that Defendant has failed to show that the clause is unreasonable. Similarly, Defendant did not introduce evidence to show that Plaintiff fraudulently inserted the clause in the contract, that Defendant will be deprived of its day in court, or that it will be deprived of a remedy. Accordingly, the Court concludes that it has personal jurisdiction over the claims in the instant litigation.

## II.     Forum Non Conveniens

Defendant argues in the alternative that if this Court determines that it has personal jurisdiction over the instant litigation, the Court should transfer the case to Minnesota on the basis of forum non conveniens. "The doctrine of forum non conveniens presupposes at least two forums where the defendant is amendable to

process and simply furnishes criteria for a choice between them." *McLennan v. American Eurocopter Corp., Inc.*, 245 F.3d 403, 424 (5th Cir. 2001). A defendant bears the burden of proof on all elements of the forum non conveniens analysis. *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794 (5th Cir. 2007). "Ordinarily a strong favorable presumption is applied to the plaintiff's choice of forum." *Id.* at 795. "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

A defendant seeking dismissal on the basis of forum non conveniens must first establish that there is an alternate forum that is both available and adequate. *McLennan*, 245 F.3d at 424; *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981). Here, the parties do not dispute that Minnesota is an alternate forum that is available and adequate. Rather, the parties disagree about whether dismissal is warranted because certain private and public interest factors weigh in favor of dismissal. *Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 268 (5th Cir. 2001). The private interest factors are:

> relative ease of access to sources of proof; [the] availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witness[es]; [the] possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*McLennan*, 245 F.3d at 424. The public interest factors are:

> the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems

> in conflict of laws, or in the application of foreign law; and the unfairness
> of burdening citizens in an unrelated forum with jury duty.

*Piper Aircraft Co.*, 454 U.S. at 241 n. 6 (quoting *Gulf Oil*, 330 U.S. at 509). "In the second step analysis, no one factor is given conclusive weight, but the 'central focus' of the forum non conveniens inquiry is on convenience." *Oyuela v. Seacor Marine (Nigeria), Inc.*, 290 F.Supp.2d 713, 725 (quoting *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 342 (5th Cir. 1999)).

In the instant case, Defendant argues that Minnesota is a more convenient forum than Louisiana given the relative ease of access to sources of proof. (Rec. Doc. 6-1 at 7, 8). Defendant notes that the barges at issue are located in Minnesota and the "would-be contract" involves Defendant's employees located in Minnesota and Plaintiff's principal, Tim Klein, located in Illinois. (Rec. Doc. 6-1 at 8). Additionally, Defendant asserts that Minnesota has a greater interest in this interstate dispute "because Minnesota has a localized interest in having a local dispute decided at home." (Rec. Doc. 6-1 at 8).

In opposition, Plaintiff argues that Defendant has failed to show that dismissal is warranted for forum non conveniens because neither private and public interest factors nor the interests of justice favor litigation in Minnesota. (Rec. Doc. 8 at 14-15). Regarding private interest factors, Plaintiff contends that Plaintiff's representatives who were involved in negotiating Contract #0422 and the amendment thereto are located in Louisiana and Illinois, and there are likely other individuals in Louisiana who have information regarding the services Plaintiff obtained to fulfill its obligations under the contract. (Rec. Doc. 8 at 14-15). Plaintiff

11

also emphasizes that Defendant does business in Louisiana and opted to enter into a contract with a Louisiana corporation. (Rec. Doc. 8 at 15). Plaintiff asserts that the parties' agreement in Contract #0422 to have any disputes heard in federal court in Louisiana provides further support for a finding that Louisiana is the most convenient forum. (Rec. Doc. 8 at 15).

Regarding public interest factors, Plaintiff argues that Louisiana has an interest that is as strong as or stronger than Minnesota's interest in the litigation given that it involves a Louisiana corporation and a contract that anticipated performance partly in Louisiana. (Rec. Doc. 8 at 15). Additionally, Plaintiff notes that litigating the dispute in Louisiana will avoid potential problems in conflicts of law since Contract #0422 specifically provides that Louisiana law will apply if general maritime law is deemed inapplicable. (Rec. Doc. 8 at 15). Plaintiff contends that the interests of justice are best served by maintaining litigation in this forum because Defendant's decision to file a declaratory action in Minnesota after receiving notice that Plaintiff intended to file suit in Louisiana amounts to a disfavored use of forum shopping. (Rec. Doc. 8 at 15-16). Finally, Plaintiff points to Judge Magnuson's ruling on Plaintiff's motion to transfer the declaratory action filed by Defendant in the U.S. District Court for the District of Minnesota as further support for its position. (Rec. Doc. 18). Plaintiff notes that in denying Plaintiff's motion to transfer, Judge Magnuson found that the private interest factors—the convenience of the parties and the convenience of witnesses—were either neutral or weighed against a transfer. (Rec. Doc. 18 at 2). Plaintiff also notes Judge Magnuson's finding that Defendant's

filing of the declaratory action with notice of Plaintiff's intention to file suit is a "red flag" that "deserves serious consideration." (Rec. Doc. 18 at 2). Although Judge Magnuson ultimately decided that the factors were insufficient to entitle Plaintiff to a transfer, he indicated that public interest factors and the interests of justice leaned in favor of transferring the Minnesota litigation to Louisiana. (Rec. Doc. 18 at 2).

Based on the foregoing, the Court concludes that consideration of the private and public interest factors warrant denial of Defendant's motion. In reaching his ruling on Plaintiff's motion to transfer under § 1404(a), Judge Magnuson noted that "[t]he most [Plaintiff] has established is that Louisiana would be an equally convenient forum." *See* Rec. Doc. 16-1 at 7). Here, Defendant has failed to demonstrate that Minnesota would be an equally convenient forum, much less that the balance weighs strongly in favor of litigation in Minnesota. Thus, Defendant has failed to show that Plaintiff's choice of forum should be disturbed. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's *Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) or Forum Non Conveniens* **(Rec. Doc. 6)** is **DENIED**.

New Orleans, Louisiana, this 19th day of July, 2019.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE